**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

|  |  |  |
|---|---|---|
| SHAWNA K. LAWSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. N13M-12-047 |
| | ) | |
| | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondent. | ) | |

Submitted: July 30, 2015
Decided: August 7, 2015

**COMMISSIONER'S ORDER ON PETITIONER'S MOTION FOR
RECONSIDERATION HEARING/ APPEAL**

Robert J. O'Neill, Jr., Esquire, Delaware Department of Justice, 820 N. French St. 7th Floor, Department of Justice, Wilmington, Delaware, 19801. Attorney for the State.

Shawna K. Lawson, 377 Wheeler Ave., Hampton, VA 23661.  Defendant.

**MANNING**, Commissioner

This 7th day of August, 2015, upon consideration of petitioner Shawna K. Lawson's motion for a "reconsideration hearing/ appeal," (the "motion") the Court finds the following:

## FACTS AND PROCEDURAL HISTORY

On November 14, 2013, Leonard Maldonado was arrested in Delaware on drug charges while operating a Blue 2000 Ford Focus.[1]  Pursuant to 16 *Del. C.* § 4784(a)(4), the State of Delaware seized the 2000 Ford focus and initiated forfeiture proceedings.  On December 16, 2013, Lawson, claiming to be the registered owner of said vehicle, filed a Petition for Return of Property with the Superior Court (the "petition").  On September 12, 2014 Maldonado pled guilty to Tier 2 Possession of a Controlled Substance and was sentenced as a Habitual Offender to three years at Level V.   Following the standard pre-trial discovery process, a non-jury Return of Property Trial was held on February 24, 2015.  At trial, the State presented the testimony of Detective Ernest Melvin of the New Castle County Police Department.  Lawson, acting *pro se*, testified and entered documents into evidence, but did not call any additional witnesses.

The Court, after considering all the testimony and evidence presented, ruled that the State had met its burden under § 4784 that the vehicle was subject to forfeiture. There was no dispute that Maldonado was a drug dealer and that he was using the vehicle at the time of its seizure by police to facilitate the transportation, sale, or possession of an illegal controlled substance.  However, Lawson, who resided in Virginia at all times relevant to the case, argued that she was an "innocent owner" of the vehicle under § 4784(b) as she had no actual knowledge that Maldonado, who she claimed was her

---

[1] Crim. ID# 1311009435, New Castle County, Superior Court.

husband,[2] was using the vehicle to facilitate selling drugs in Delaware. After considering the relative burdens of proof, the credibility of the witnesses and documents presented, the Court denied Lawson's petition. The Court ruled that Lawson had failed to prove by a preponderance of the evidence that she was an "innocent owner" of the vehicle.[3] The evidence presented cast doubt on Lawson's testimony and established that almost immediately after it was purchased, Lawson relinquished control over the vehicle by giving it to Maldonado. The evidence presented showed that Maldonado had unfettered and exclusive use of the vehicle in Delaware—while dealing drugs—for an extended period of time prior to his arrest. The evidence also showed that Lawson purchased a third vehicle for herself very soon after giving the vehicle to Maldonado in Delaware. The Court was satisfied that based on all the attendant facts and circumstances, a "straw-purchase" had occurred.

Subsequently, Lawson filed an appeal directly to the Delaware Supreme Court on March 23, 2015. The appeal was dismissed pursuant to Supreme Court Rule 29(b) for lack of jurisdiction.[4] Lawson then filed the instant motion for a "reconsideration hearing/ appeal" with the Superior Court on April 6, 2015.[5] On May 19, 2015, the Court wrote Lawson and instructed her to provide any supporting documents and argument she wished the Court to consider before ruling upon her motion, within 30 days—which she did. Lawson's documents were provided to the State, which filed a reply on July 16, 2015 urging the Court to deny the motion for reconsideration. Lawson filed a response to

---

[2] Lawson never provided the Court with any documentation of the marriage.

[3] In reaching this conclusion, the Court relied upon the cases of *In the Matter of One 1985 Mercedes Benz Automobile*, 644 A.2d 423 (Del. Super. 1992); *In the Matter of: One 1984 Chevrolet Blazer Petitioner: Doris Pettyjohn*, 2000 WL 1211235 (Del. Super. 2000); and *Renee Hack v. State of Delaware*, 2009 WL 3636764 (Del. Super. 2009).

[4] *Shawna Lawson v. State of Delaware*, Delaware Supreme Court, No. 146, 2015, ORDER, April 23, 2015.

[5] Lawson's initial motion consisted of a short one-paragraph statement accusing the detective of lying and claimed that she possessed additional supporting documents that would prove her case.

the State's reply on July 30, 2015 (docketed August 6, 2015). In Lawson's response she explained the reason for her delay in filing an appeal with the proper court—namely that she could not find anyone to explain to her the proper steps and where to file an appeal. Lawson also included a portion of the trial transcripts with her response.

## ANALYSIS

Lawson's motion is dually titled as a motion for "reconsideration hearing/ Appeal." Lawson's motion does not argue that the Court misapplied the applicable law or made any incorrect evidentiary rulings. Rather, Lawson is asking this Court to reverse its previous ruling, on the merits, and enter judgment in her favor based on the documents she has just recently provided; or afford her a trial *de novo*. Thus, it appears that Lawson is moving for both a new trial and reargument so the Court will treat her motion accordingly.[6]

As a preliminary matter, any litigant has the right to appeal a Superior Court Commissioner's Order pursuant to Superior Court Civil Rule 132(a)(ii); something Lawson was advised of by the Court immediately following the return of property trial.[7] The Rule clearly states that such an appeal must be filed within 10 days of the order or ruling in question. [8] In this case, the 10 day period began on February 25, 2015.

---

[6] *See, e.g., Zeneca, Inc. v. Monsanto Co.*, 1996 WL 104254, at *5 (Del. Ch. Mar. 7, 1996) ("In determining whether it has subject matter jurisdiction, this Court must examine the pleadings to determine the true substance of the relief [a party] actually seeks, and will not be bound by the form of relief as described [by the party.]").

[7] At the conclusion of the return of property trial, the Court took a moment to explain to Lawson that she has "a right to appeal a Commissioner's order, and I suggest you go to the law library or contact a lawyer to see about how to do that, okay? To which Lawson replied "all right." Trial Tr. at 54-55.

[8] Rule 132. Commissioners.
(a) Each Commissioner shall have all powers and duties conferred or imposed upon Commissioners by law, by the Rules of Civil Procedure for the Superior Court, and by Administrative Directive of the President Judge, including, but not limited to:
(1) The power to administer oaths and affirmations, and to take acknowledgments, affidavits, and depositions;
(2) The power to serve as a special master or master pro hac vice ;

3

Unfortunately, Lawson failed to file the proper objection in a timely manner. Rather, Lawson filed an appeal directly to the Delaware Supreme Court following the denial of her petition. As previously noted, Lawson's appeal there was dismissed because the

(3) Non case-dispositive matters. -- The power to conduct non case-dispositive hearings, including evidentiary hearings, and the power to hear and determine any pretrial or other non case-dispositive matter pending before the Court.
(i) The Commissioner shall file an order under subparagraph (3) with the Prothonotary, and shall mail copies forthwith to all parties. It shall not be necessary for the Commissioner to include proposed findings of fact and recommendations in any order under this subparagraph.
(ii) Within 10 days after filing of a Commissioner's order under subparagraph (3), any party may serve and file written objections to the Commissioner's order which set forth with particularity the basis for the objections. The written objections shall be entitled "Motion for Reconsideration of Commissioner's Order." A copy of the written objections shall be served on the other party, or the other party's attorney, if the other party is represented. The other party shall then have 10 days from service upon that party of the written objections to file and serve a written response to the written objections.
(iii) The party filing written objections to a Commissioner's order shall cause a transcript of the proceedings before the Commissioner to be prepared, served, and filed unless, subject to the approval of a judge, all parties agree to a statement of facts.
(iv) A judge may reconsider any hearing or pretrial matter under subparagraph (3) only where it has been shown on the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion.
(v) Orders entered under this subparagraph shall be effective immediately, and no motion for reconsideration of a Commissioner's order shall stay execution of the order unless such stay shall be specifically ordered by a judge.
(4) Case-dispositive matters. -- The power to conduct case-dispositive hearings, including case-dispositive evidentiary hearings, mental hearings under Title 16 Del. C., ch. 50, a motion for judgment on the pleadings, for summary judgment, to dismiss for failure to state a claim upon which relief can be granted, and involuntarily to dismiss an action, and to submit to a judge of this Court proposed findings of fact and recommendations for the disposition, by a judge, of any such case-dispositive matter.
(i) The Commissioner shall file proposed findings of fact and recommendations under subparagraph (4) with the Prothonotary and shall mail copies forthwith to all parties, or to a party's attorney if the party is represented.
(ii) Within 10 days after filing of a Commissioner's proposed findings and recommendations under subparagraph (4), any party may serve and file written objections to the Commissioner's order which set forth with particularity the basis for the objections. The written objections shall be entitled "Appeal from Commissioner's Findings of Fact and Recommendations." A copy of the written objections shall be served on the other party, or the other party's attorney, if the other party is represented. The other party shall then have 10 days from service upon that party of the written objections to file and serve a written response to the written objections.
(iii) The party filing written objections to a Commissioner's order shall cause a transcript of the proceedings before the Commissioner to be prepared, served, and filed unless, subject to the approval of a judge, all parties agree to a statement of facts.
(iv) A judge of the Court shall make a de novo determination of those portions of the report or specified proposed findings of fact or recommendations to which an objection is made. A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner. A judge may also receive further evidence or recommit the matter to the Commissioner with instructions.
(b) A party seeking reconsideration of an order of a Commissioner under subparagraph (3) or appealing the findings of fact and recommendations of a Commissioner under subparagraph (4) who fails to comply with the provisions of this rule may be subject to dismissal of said motion for reconsideration or appeal.
(c) The time periods specified in this Rule may be shortened or enlarged, for good cause, by a judge.

4

Supreme Court lacks jurisdiction to hear an appeal directly from a Commissioner's Order.

Lawson's motion was then correctly filed with the Superior Court, but 41 days after her original petition for return of property was denied. Therefore, even if the Court was to give Lawson's instant motion the same effect as a notice of appeal from a Commissioner's Order, it is untimely under Rule 132. Moreover, Rule 132(c) provides that the time period for an appeal of a Commissioner's Order "may be shortened or enlarged, for good cause, by a judge." Thus, the 10 day time period can be enlarged, but *only by a judge* of the Superior Court—a request Lawson has not made at this point.

Additionally, Lawson's motion must also be evaluated under Superior Court Civil Rule 59, as it is tantamount to a motion for a new trial and rearguemnt.[9] Rule 59(b)

---

[9] Rule 59. New trials and rearguments.
(a) Grounds. -- A new trial may be granted as to all or any of the parties and on all or part of the issues in an action in which there has been a trial for any of the reasons for which new trials have heretofore been granted in the Superior Court. On a motion for a new trial in an action tried without a jury, the Court may open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
(b) Time and procedure for motion. -- The motion for a new trial shall be served and filed not later than 10 days after the entry of judgment, or the rendition of the verdict, if pursuant to Rule 58, the Court has directed that the judgment shall not be entered forthwith upon the verdict, the motion to be accompanied by a brief and affidavit, if any. The motion shall briefly and distinctly state the grounds therefor.
If the motion is not accompanied by affidavits, the opposing party, within 10 days after service of such motion, may serve and file a short answer to each ground asserted in the motion, accompanied by a brief, if the opposing party desires to file one.
If the motion is accompanied by affidavits, the opposing party has 10 days after such service within which to serve and file that party's answer and opposing affidavits and brief, if any; this period may be extended for an additional period not exceeding 10 days either by the Court for good cause shown or by the parties by written stipulation. Reply affidavits and brief may be served and filed within 10 days after service of the opposing affidavits and briefs; this period may be extended for an additional period not exceeding 10 days, either by the Court for good cause shown or by the parties by written stipulation.
The Court shall determine from the motion, answer, affidavits and briefs, whether a new trial shall be granted or denied or whether there shall be oral argument on the motion. A copy of the motion, answer, affidavits and briefs shall be furnished forthwith by the respective parties serving them to the Judge involved.
(c) On initiative of Court. -- Not later than 10 days after entry of judgment the Court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the Court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the Court shall specify in the order the grounds therefor.

dictates that any motion for a new trial must be "filed not later than 10 days after the entry of judgment." Rule 59(e) requires that a motion for reargument be filed within 5 days after the filing of the Court's opinion or decision. It is undisputed in this case that Lawson's motion was not filed with the Superior Court within the 10 day period, as required. Even if Lawson had been able to show good cause or excusable neglect sufficient to excuse her failure to timely file the instant motion, the Court is without jurisdiction to hear an untimely motion.[10]

Finally, the Court notes that Lawson had over 14 months to prepare for trial in this matter. All of the evidence Lawson presented in her motion was available to her at the time of the trial and could have been presented then. It is well settled that a motion for reargument is not an opportunity for a party to revisit arguments already decided by the Court or to present new arguments not previously raised.[11]

---

(d) Motion to alter or amend a judgment. -- A motion to alter or amend the judgment shall be served and filed not later than 10 days after entry of the judgment.

(e) Rearguments. -- A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 5 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted. A copy of the motion and answer shall be furnished forthwith by the respective parties serving them to the Judge involved.

[10] *See Brooks v. State*, 2008 WL 5250269, at *1 (Del. Dec. 18, 2008) ("It is well-settled that the Superior Court has no jurisdiction to consider an untimely motion for reargument.").

[11] *See State v. Abel*, 2011 WL 5925284, at *1 (Del. Super. Ct. Nov. 28, 2011); *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000) ("A Motion for Reargument is not a device for raising new arguments or stringing out the length of time for making an argument.").

## CONCLUSION

For all of the foregoing reasons, Lawson's motion for a Reconsideration hearing/ Appeal is DENIED as untimely.

**IT IS SO ORDERED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:    Prothonotary
cc:    Defendant